1  NICHOLAS A. TRUTANICH
United States Attorney
2  District of Nevada

3  CAROLYN B. CHEN, CSBN 256628
Special Assistant United States Attorney
4  160 Spear Street, Suite 800
San Francisco, California 94105
5  Telephone: (415) 977-8956
Facsimile: (415) 744-0134
6  E-Mail: carolyn.chen@ssa.gov

7  Attorneys for Defendant

8

9

10                    UNITED STATES DISTRICT COURT

11                         DISTRICT OF NEVADA

12  LADAWN M. SCHMARDEBECK,           )
                                      )  Case No.: 2:20-cv-01022-VCF
13           Plaintiff,               )
                                      )  **UNOPPOSED MOTION FOR EXTENSION OF**
14       vs.                          )  **TIME TO FILE CERTIFIED**
                                      )  **ADMINISTRATIVE RECORD AND ANSWER;**
15  ANDREW SAUL,                      )  **DECLARATION OF JEBBY RASPUTNIS;**
    Commissioner of Social Security,  )  **DECLARATION OF CHRISTIANNE VOEGELE**
16                                    )
             Defendant.               )  (*FIRST REQUEST*)
17                                    )

18

19

20

21

22

23

24

25

26

1
2
3
4
5

Defendant, Andrew Saul, Commissioner of Social Security (the "Commissioner"), by and through his undersigned attorneys, hereby moves for a sixty-day extension of time to file the Certified Administrative Record (CAR) and answer to Plaintiff's Complaint.  The CAR and answer to Plaintiff's Complaint are due to be filed by August 31, 2020.

6
7
8
9
10
11
12
13
14
15

In light of the global COVID-19 pandemic, the Social Security Administration ("SSA" or the "Agency") has taken the unprecedented step of suspending in-office services to the public: https://www.ssa.gov/coronavirus/.  The Agency is focusing on providing the most critical services by mail, phone and online to those most in need.  SSA is also taking additional steps to protect its employees and help stop the spread of COVID-19, maximizing social distancing, including significantly limiting employee access to SSA facilities for health and safety only and has moved toward a temporary virtual work environment.  Electronic processes allow some of SSA's most critical work to continue with minimal interruption; other workloads have been suspended until the health crisis abates or the Agency is able to create new electronic business processes.

16
17
18
19
20
21
22

For purposes of this particular case, the public health emergency pandemic has significantly impacted operations in the Social Security Administration's Office of Appellate Operations (OAO) in Falls Church, Virginia.  That office is responsible for physically producing the administrative record that is required to adjudicate the case under Sections 205(g) and (h) of the Social Security Act, 42 U.S.C. § 405(g) and (h).  *See* SSA Program Operations Manual System GN 03106.025, *available at* https://secure.ssa.gov/apps10/poms.nsf/lnx/0203106025.

23
24
25
26

As detailed in the attached declarations, beginning March 16, 2020, OAO's staff members began to telework to protect employee health and prevent further spread of COVID-19.  At that time, critical in-person physical tasks associated with preparing the administrative record could not be accomplished.  For example, prior to the COVID-19 pandemic, to safeguard Personally Identifiable Information (PII), all

hearing recordings, which are part of the administrative record, were downloaded onto compact discs and encrypted.  OAO securely routed the encrypted discs to a private contractor through a daily pickup and delivery service at the Official Duty Station (ODS) in Falls Church, Virginia.  The private contractor would transcribe the hearing recording and send the paper copy of the hearing transcript back to OAO.  OAO personnel would then scan the hearing transcript into the electronic record or place the hearing transcript in the paper case file.  Thereafter, OAO personnel would assemble the administrative record in a prescribed order.

To ensure a continuity of operations, OAO has been actively pursuing mitigation efforts to allow the remote preparation of administrative records.  For cases in which the private contractors were already in possession of hearing recordings for transcription, with the assistance of the Office of Acquisitions and Grants (OAG), OAO received approval to receive these transcripts from the private contractors via secured email, e.g., using password protection and redacted Social Security Numbers.  In April 2020, OAO began receiving such hearing transcripts from private contractors via secured email.

For cases in which OAO had not yet submitted recordings to the private contractors before March 16, 2020, OAO has been pursuing all available options to obtain transcriptions for these cases.  In May 2020, OAO began encrypting hearing recordings and securely emailing them to the contractors for transcription.  Through the month of May, OAO and the contractors worked to resolve technical issues that arose, particularly with large files.  The process is functioning now, albeit at only half of normal productivity.

Given the volume of pending cases, Defendant requests an extension in which to respond to the Complaint until October 30, 2020.  If in sixty days the CAR is not prepared, the Commissioner will file a status report with the Court as to when he expects the CAR to be completed.

1    On August 24 to 25, 2020, the undersigned conferred with Plaintiff, who has no opposition to the

2    requested extension.

3    It is therefore respectfully requested that Defendant be granted an extension of time to file the CAR

4    and answer to Plaintiff's Complaint, through and including October 30, 2020.

5

6

7    Dated:  August 25, 2020                    Respectfully submitted,

8                                               NICHOLAS A. TRUTANICH
                                                United States Attorney
9
                                                /s/ *Carolyn B. Chen*
10                                              CAROLYN B. CHEN
                                                Special Assistant United States Attorney
11

12

13

14                                             IT IS SO ORDERED:

15                                             _____

16                                             HONORABLE CAM FERENBACH
                                               UNITED STATES MAGISTRATE JUDGE
17                                                          8-25-2020
                                               DATED: _____
18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## CERTIFICATE OF SERVICE

I, the undersigned, am a citizen of the United States and am at least eighteen years of age.  My business address is 160 Spear Street, Suite 800, San Francisco, California 94105.  I am not a party to the above-entitled action.  On the date set forth below, I caused a copy of the foregoing **UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE CERTIFIED ADMINISTRATIVE RECORD AND ANSWER; DECLARATION OF JEBBY RASPUTNIS; DECLARATION OF CHRISTIANNE VOEGELE** on the date and via the method of service identified below:

CM/ECF:

Hal Taylor
223 Marsh Avenue
Reno, NV 89509
Email: haltaylorlawyer@gbis.com

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 31, 2020

/s/ *Carolyn B. Chen*
CAROLYN B. CHEN
Special Assistant United States Attorney

Unopposed Mot. for Ext.;
No. 2:20-cv-01022-VCF

DECLARATION OF JEBBY RASPUTNIS
OFFICE OF APPELLATE OPERATIONS
SOCIAL SECURITY ADMINISTRATION

I, JEBBY RASPUTNIS, Executive Director of the Social Security Administration's Office of Appellate Operations (OAO), declare and state as follows:

1) My office is responsible for, among other things, preparing certified copies of administrative records (CARs) for Federal court review when claimants appeal the final decisions of the Commissioner of Social Security.

2) Beginning in mid-March, the Social Security Administration restricted physical access to our buildings because of the COVID-19 pandemic.  In order to protect the health and safety of our employees and our community, we have kept our employees on maximum telework, only authorizing brief, limited, in-office work since that time.  The OAO's office in Falls Church, Virginia office is included in this restriction.

3) The pandemic has materially affected our ability to prepare CARs.  Our usual (pre-pandemic) business process required on-site personnel and manual processes.  Public health concerns and the agency's resulting transition to a maximum telework environment prevented us from adhering to our business process for preparing CARs in two main ways:

   a. The agency's strict rules for protection of personally identifiable information (PII) limited the materials we could use, and how we could interact, while teleworking; and

   b. The purchase agreements we had in place with transcription typing services called for physical pick-up and drop-off of audio recordings and transcripts at the Falls Church office.

4)  We cannot complete CARs without the typing services that fulfill our transcription contracts.  These contractors informed the agency that they also experienced problems during the pandemic.  For example, one had to close its office in Falls Church, Virginia.

5)  Notwithstanding these and other challenges, the agency has made significant strides in its attempts to perfect a virtual CAR preparation process.   In April, we started to produce some CARs using a new, virtual process.  In doing so, we modified purchase agreements, developed new technology to keep PII safe using new telework processes, and retrained employees.

6)  In May and June, we worked to expand, refine, and improve this process.  While we were successful in producing CARs through a virtual process, the total number was not sufficient to meet the agency's workload.  Specifically, although the process was fully virtual and secure, we experienced technical difficulties associated with emailing large audio files, and our contractors experienced technical difficulties receiving some files from us. We re-examined how we could update processes and technology to handle the work in higher volume, while also protecting PII and safeguarding the health and safety of our employees and the community.  We again revised our processes, revisited purchase agreements, and trained staff.  Although the current process is working better, we now need additional transcription capacity from our transcript typing contractors in order to produce enough CARs.

7)  The effects of the COVID-19 pandemic resulted in staffing and processing problems for our transcript typing service contractors and these problems take time to resolve.  For example, as they increase staffing, new employees must pass suitability investigations and receive credentials to work on confidential agency transcriptions.  The agency is

supporting the contractors in hiring new staff by expediting their suitability investigations and credentialing.  In addition to requesting increased capacity from our existing contractors, we are in the process of adding an additional contractor.

8)  As of this writing, in late July 2020, we are steadily increasing our electronic CAR production[1] and we have the ability to expedite production for high-priority cases. Mindful that all claimants deserve Federal court review as soon as possible, we continue to increase our productivity and are working to increase the capacity of our transcription typing services.

9)  Finally, we have been reaching out to advocates to inform them of our challenges and of our continued efforts to meet those challenges and innovate work processes that allow us to continue operations while responding to public health and safety concerns.  On July 23, 2020, we met with several representatives from the National Organization of Social Security Claimants' Representatives (NOSSCR).  Our commitment is to work in a collaborative fashion toward our shared goal of providing CARS in a timely manner and eliminating barriers, where possible.

In accordance with 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated July 28, 2020                                    /s/   Jebby Rasputnis
                                                              Jebby Rasputnis

---

[1]  Approximately 95% of our cases have an electronic file.  The other cases have a paper claims file.  These paper cases require many hours of in office work to complete a CAR.  Because we continue to limit access to our physical offices due to COVID-19 health concerns, this is a category of cases that can be addressed, but is particularly challenging.

Page **3** of **3**

DECLARATION OF CHRISTIANNE VOEGELE
OFFICE OF APPELLATE OPERATIONS
SOCIAL SECURITY ADMINISTRATION

I, CHRISTIANNE VOEGELE, Chief of Court Case Preparation and Review Branch 1,

and Acting Chief of Court Case Preparation and Review Branch 3, of the Social Security

Administration's Office of Appellate Operations (OAO), declare and state as follows:

(1)     Under direct delegation from the Commissioner of Social Security, the Office of

Hearings Operations (OHO) administers a nationwide hearings program, and OAO administers a

nationwide appeals program.  OHO includes the Administrative Law Judges who hold hearings

on claims arising under Titles II and XVI of the Social Security Act, as amended, when a

claimant who is dissatisfied with their administrative determination requests a hearing.  OAO

includes the Appeals Council, which reviews claims when a claimant is dissatisfied with the

decision rendered by an Administrative Law Judge.  OAO also provides professional and

technical advice to the Deputy Commissioner and Administrative Appeals Judges of the Appeals

Council in the processing of cases in which a claimant has filed a civil action.

(2)     One function of the Appeals Council is to act on requests for review of hearing

decisions made by Administrative Law Judges and to either grant, deny or dismiss any such

request.  Under the regulations of the Social Security Administration, if the Appeals Council

denies a timely request for review of a hearing decision, that hearing decision becomes the "final

decision" within the meaning of, and subject to, the provisions for judicial review in section

205(g) of the Social Security Act, as amended (42 U.S.C. section 405(g)).  The first sentence of

that section reads as follows:

> "Any individual, after any final decision of the Commissioner made after a
> hearing to which he was a party, irrespective of the amount in controversy, may

See Next Page

obtain a review of such decision by a civil action commenced within sixty days
after the mailing to him of notice of such decision or within such further time as
the Commissioner may allow.***"

(3)    I am responsible for the processing of claims under Titles II and XVI of the Social

Security Act, as amended, whenever a civil action has been filed in the Fourth, Sixth, Seventh,

Ninth, Eleventh, and District of Columbia judicial circuits.  As described below, OAO's business

processes are true to the best of my knowledge and belief.

    a)  If a civil action is properly commenced, the third sentence of 42 U.S.C. 405(g) states

       the following: "As part of the Commissioner's answer[,] the Commissioner shall file

       a certified copy of the transcript of the record including the evidence upon which the

       findings and decision complained of are based."  On behalf of the Commissioner of

       the Social Security Administration, OAO personnel are responsible for preparing a

       certified copy of the transcript of the record.

    b)  Upon notification of the civil action by the U.S. Attorney's Office or the Social

       Security Administration's Office of General Counsel, OAO personnel must locate

       and retrieve the plaintiff's claim(s) file, which is in either a paper or electronic

       format.  The file contains both evidentiary and procedural documents, and the

       recording of any hearing held before an Administrative Law Judge.

    c)  Upon locating the file, OAO personnel determines if the claimant timely filed the

       civil action and, if so, routes the recording of the hearing to a private contractor for

       transcription.

    d)  Historically and prior to the COVID-19 pandemic, to safeguard Personally

       Identifiable Information (PII), all hearing recordings were downloaded onto compact

       discs, and these discs were encrypted.  OAO securely routed the encrypted discs to a

See Next Page

private contractor through a daily pickup and delivery service at the Official Duty

Station (ODS) in Falls Church, Virginia.  The contractor is responsible for all tasks

necessary for transcription typing services.  It is estimated that an average hearing

lasts 45 minutes and results in an average of 33 pages of transcript.  Each transcript

contains a certification statement by a transcriber and proofreader.  Transcription of a

hearing recording can take up to 20 business days, but is generally transcribed in 5-10

business days.  After the contractor transcribed the hearing recording, a paper copy of

the hearing transcript was sent back via a delivery service to the ODS in Falls Church,

Virginia.  OAO personnel would then scan the hearing transcript into the electronic

record or place the hearing transcript in the paper case file.  Thereafter, OAO

personnel would assemble the administrative record in a prescribed order.

e)  Most cases are adjudicated using the Social Security Administration's Electronic

Disability Collect System (EDCS).  Even using EDCS, most cases historically

required physical, in-house scanning and uploading of hearing transcripts.  This work

was performed at the ODS.

f)  Even for cases using EDCS that are in electronic format, many jurisdictions require

encrypted compact discs and paper copies of the certified administrative record.  All

paper copies are produced at the ODS, and all compact discs and paper copies are

shipped via United States Parcel Service from the ODS.

g)  Due to the COVID-19 pandemic, OAO staff are not currently authorized to report to

the office due to health and safety concerns.  On or about March 16, 2020, OAO

began working remotely.  Consequently, OAO had been unable to complete certified

administrative records on any cases that required in-office work at the ODS,

including any cases in which the transcript(s) of the hearing recording(s) had not already been uploaded to the electronic file.

h) To ensure a continuity of operations, OAO has been actively pursuing mitigation efforts to allow the remote preparation of as many administrative records as possible.

    a. For cases in which the private contractors were already in possession of hearing recordings for transcription, with the assistance of the Office of Acquisitions and Grants (OAG), OAO received approval to receive these transcripts from the private contractors via secured email, e.g., using password protection and redacted Social Security Numbers. In April 2020, OAO began receiving such hearing transcripts from private contractors via secured email.

    b. Subsequently, OAO consulted with OAG and the Office of the General Counsel, and obtained approval for a new process to replace encrypted compact discs. In May 2020, OAO began encrypting hearing recordings and securely emailing them to the contractors for transcription. Through the month of May, OAO and the contractors worked to resolve technical issues that arose, particularly with large files. The process is functioning now, albeit at a fraction of normal productivity.

i) OAO plans to continue to explore all options available to complete the preparation of certified electronic records during the COVID-19 pandemic.

j) OAO generally prioritizes the preparation of the certified administrative records based on receipt dates, with the oldest receipt dates processed first. OAO will work to ensure the oldest pending cases, including court remands and final decisions, are given priority processing.

See Next Page

In accordance with 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.


 June 17, 2020
Date

CHRISTIANNE VOEGELE