# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

LADAWN M. SCHMARDEBECK,

        Plaintiff,

vs.

ANDREW SAUL, Acting Commissioner of Social Security,

        Defendant.

2:20-cv-01022-VCF

**ORDER**

    This matter involves Plaintiff LaDawn M. Schmardebeck's appeal from the Commissioner's final decision denying her social security benefits. Before the Court is Schmardebeck's Motion for Reversal or Remand (ECF No. 26) and the Commissioner of Social Security's Motion to Affirm (ECF No. 28). For the reasons stated below the Court denies Schmardebeck's motion to reverse or remand and grants the Commissioner's motion to affirm.

## STANDARD OF REVIEW

    The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). 42 U.S.C. § 405(g) authorizes the district court to review final decisions made by the Commissioner of Social Security.

    The district court will not disturb an Administrative Law Judge's ("ALJ") denial of benefits unless "it is not supported by substantial evidence or it is based on legal error." *Burch v. Barnhart*, 400 F.3d 676,

679 (9th Cir. 2005) (internal quotation omitted). When reviewing an ALJ's decision, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence means, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is defined as "more than a mere scintilla but less than a preponderance" of evidence. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (internal quotation omitted).

If the evidence could give rise to multiple rational interpretations, the court must uphold the ALJ's conclusion. *Burch*, 400 F.3d at 679. This means that the Court will uphold the Commissioner's decision if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision "even if the evidence preponderates against" it).

## DISCUSSION

### I. Factual Background

The ALJ applied the five step sequential analysis pursuant to 20 C.F.R § 404.1520. The ALJ determined that Schmardebeck suffered from a severe combination of impairments including lumbar degenerative disc disease, bipolar disorder, anxiety disorder, post-traumatic stress disorder, and personality disorder (20 CFR 416.920(c)). The ALJ also determined the following non-severe impairments: attention deficit hyperactivity disorder (ADHD), fibromyalgia, obesity and carpal tunnel syndrome. (AR 23).[1]

The ALJ examined relevant medical evidence including opinions and reports of treating primary care provider Jennifer Cribb, APRN, mental health treatments related to bipolar disorder, PTSD, and anxiety with Heads Up Guidance & Wellness, Desert Behavioral Health, psychiatric nurse practitioner

---
[1] AR signifies a citation to the administrative record.

Marilynn Larivee, APRN, Maria Rizalina Barlann, APRN, and emergency room treatment with Mountain View Hospital, pain management with Satish Sharma, M.D.

The ALJ also examined medical opinions of state agency non-examining psychological consultants, Kevin P. Ramsey, M.D., Leah Wingeart, Psy. D., and records of medical treatment. (AR 31). The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526), thus the ALJ denied her social security benefits. (AR 22 - 23).

The ALJ concluded Plaintiff had the residual functional capacity to perform light work as defined in 20 CFR 404.967(b) except she could lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and walk for six hours in an eight-hour workday; sit for six hours in an eight-hour workday; occasionally climb ladders, ropes, scaffolds or ramps, and stairs. Plaintiff could occasionally stoop and crawl, and frequently kneel and crouch. Plaintiff could balance on an unlimited basis. Plaintiff could understand, remember, and carry out simple repetitive tasks; and could sustain adequate attention, concentration, persistence and pace for such tasks with a reasoning level of 1 to 3. Plaintiff would be able to interact appropriately with the public, coworkers, and supervisors occasionally in brief, infrequent contacts, and would be able to adapt to a simple work setting. (AR 26). Plaintiff has no past relevant work. (20 CFR 416.965). (AR 33). The ALJ considered Plaintiff's age, education, work experience, and residual functional capacity, and vocational expert's testimony. The ALJ found that Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (AR 33-34). The ALJ concluded that Plaintiff was not under a disability within the meaning of the Social Security Act since January 27, 2017, the date the application was filed, through the date of the decision on June 21, 2019. (*Id.* at 34).

Plaintiff challenges the ALJ's analysis of Plaintiff's subjective complaints on her fibromyalgia. (ECF NO. 26).

The Commission argues that the ALJ properly weighed the medical evidence, including evidence that Plaintiff is not disabled. (ECF NO. 27).

**II.     Whether the ALJ articulated clear and convincing reasons for rejecting Plaintiff's testimony?**

If the Commissioner decides to discount the claimant's testimony regarding his or her subjective symptoms, the Commissioner must engage in a two-step analysis before finding the claimant's testimony lacks credibility. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc) (internal quotation marks omitted).

Second, if the claimant meets this first test, and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *see also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) ("[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each."). An ALJ may consider a claimant's reputation for truthfulness and inconsistencies in the claimant's testimony when determining credibility. *Burch*, 400 F.3d at 680. However, this court cannot affirm an agency's decision on a ground an agency did not invoke in making its decision originally. *See Pinto v. Massanari*, 249 F.3d 840, 847–48 (9th Cir. 2001).

The ALJ reasonably found that Plaintiff's allegations were not consistent with the overall evidence (AR 26-2, citing AR 78-101, 273, 293-300; see also AR 285-92). *See* 20 C.F.R. § 416.929(a) ("In determining whether [an individual is] disabled, we consider all [her] symptoms, including pain, and the extent to which [those] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence."). The ALJ provided multiple valid reasons for the finding.

The ALJ outlined the primary consideration under the regulations, and found that Plaintiff's symptom allegations were inconsistent with the objective medical evidence of record, including signs during the examinations and laboratory findings (*see* AR 27-30, 32-33). *See* 20 C.F.R. § 416.902(c), (f), (g) (defining objective medical evidence, signs, and laboratory findings). The ALJ found Plaintiff's treatment history was inconsistent with Plaintiff's symptom allegations (AR 27-30, 32-33). The ALJ found the opinion evidence of record was inconsistent with Plaintiff's symptom allegations (AR 31-33). The ALJ found the record contained several other inconsistencies with Plaintiff's symptom allegations, including her: (1) activities of daily living (see AR 24-25, 30); (2) contradictory statements throughout the record (see AR 30-30); (3) work history (see AR 31); and, (4) generally mild global assessment of functioning (GAF) scores (see AR 32). The ALJ's reasoning provided more than the "mere scintilla" necessary to meet the substantial evidence standard of review. *Biestek, 139 S.Ct.* at 1154.6"[I]t is the ALJ's prerogative" to analyze whether and to what extent an individual's statements about her symptoms are consistent with the record as a whole and, in this regard, the role of "a reviewing court is limited." *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012). The ALJ found that Plaintiff has moderate limitation as for adapting and managing oneself. In Plaintiff's testimony, she reported that she can cook, and does household chores including loading the dishwasher, doing laundry and cleaning her room, although she does not cook or clean often because her mother does these tasks for her and Plaintiff is independent in her personal hygiene and dressing. (AR 25, 30).

As the Ninth Circuit has stated "an agency, its experts, and its administrative law judges are better positioned to weigh conflicting evidence than a reviewing court." *Shaibi*, 883 F.3d at 1109 (citing *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999)). The Commissioner's final decision must be upheld if it is supported by substantial evidence and based on proper legal standards. *Tommasett v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008) ("If the ALJ's finding is supported by substantial evidence, the court may not engage in second-guessing.") (citation omitted).

Here, the ALJ properly considered the record as a whole, including all of Plaintiff's "severe" and "nonsevere" conditions. The ALJ states that Plaintiff had some "nonsevere" conditions, including fibromyalgia (AR 23-24). These nonsevere impairments (1) did not exist for a continuous period of twelve months; (2) were responsive to medication; (3) are accommodated by the determined residual functional capacity; (4) did not require significant medical treatment; or (5) did not result in any continuous exertional or non-exertional functional limitations. *Id.* The ALJ states that Plaintiff's primary care provider Jennifer Cribb, APRN diagnosed the Plaintiff with fibromyalgia based on her physical exam which demonstrated 14 of 18 positive tender points. She prescribed Lyrica, which caused suicidal behavior, and was discontinued. The consultative examiner Kevin P. Ramsey, M.D. found 18 of 18 positive tender points consistent with a diagnosis of fibromyalgia. The ALJ considered Dr. Ramsey's opinions and gave it partial weight. The ALJ found that the majority of Dr. Ramsey's opinions are well supported by the results of his examination of the Plaintiff, except his opinions regarding Plaintiff's limitations in fingering and handling are not supported by the Plaintiff's physical exam including negative Phalen's and Tinel's signs bilaterally, normal grip strength bilaterally, and ability to open a jar, pick up a button, put the button in the jar, and close the jar lid. (AR 31).

The ALJ reviewed and considered Plaintiff's long history of mental health symptoms related to bipolar disorder, PTSD, and anxiety. (AR 27). The ALJ stated that she considered all of Plaintiff's

medically determinable impairments, severe and non-severe, in the formation of the residual functional capacity finding in her decision.

Plaintiff states that her pain management and physical therapy was evidence of her severe fibromyalgia symptoms. (ECF No. 26 at 16). The record contains Plaintiff's physical therapy records (AR 738), but no related fibromyalgia treatment notes were submitted. *See* 20 C.F.R. § 416.912 (elaborating on an individual's responsibility for submitting evidence). Plaintiff was referred to physical therapy in August 2016 and she chose to "hold off" on such treatment (AR 741). She was referred again, in April 2018 (AR 777), but did not report attending until June 2018 (AR 766). Such a treatment history is inconsistent with the extreme symptoms Plaintiff has alleged. *Romanelli v. Astrue*, 267 Fed. Appx. 722, 724 (9th Cir. 2008) (unpublished) (reasoning allegations of severe limitations due to fibromyalgia were unsupported, in part, because of a failure "to comply with recommended treatment by neglecting to attend physical therapy sessions").

In Plaintiff's motion to remand, Plaintiff states that her "pain [was] caused by her fibromyalgia, and to a lesser extent, her chronic degenerative disc disease" but at her hearing, Plaintiff did not mention fibromyalgia to the ALJ at all (*see* AR 78-101). In Plaintiff's testimony, Plaintiff primarily alleged that mental conditions, neck pain, and back pain that were keeping her from working (AR 26-27, citing AR 84-85). The record does not support finding additional limitations, beyond those assessed by the ALJ (*see* AR 23-33). Plaintiff's alternate interpretation of the record does not warrant remand. *See Tommasetti*, 533 F.3d at 1041-42.

The ALJ properly considered that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms are not consistent with the medical evidence and other evidence in the record. (AR 27).

1 The Court finds that the ALJ based her determination on substantial evidence in the record. The ALJ's reasoning provided more than the "mere scintilla" necessary to support his findings under the deferential substantial evidence standard of review. *See Biestek*, 139 S.Ct. at 1154 ("[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high."). The ALJ provided clear and specific reasons for rejecting Plaintiff's personal testimony and ALJ properly analyze of Plaintiff's subjective complaints on her fibromyalgia.

ACCORDINGLY,

IT IS HEREBY ORDERED that Plaintiff's Motion for Reversal or Remand (ECF No. 26) is DENIED.

IT IS FURTHER ORDERED that the Commissioner's Cross-Motion to Affirm (ECF No. 28) IS GRANTED.

The Clerk of Court is directed to enter final judgment in favor of the defendant and against the plaintiff, affirming the final decision of the Commissioner.

DATED this 6th day of July, 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE